UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 23 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| KENNISHA CHATMAN, on behalf of herself and all other similarly situated consumers, | Case No.: |
| Plaintiff, | |
| vs. | CLASS ACTION COMPLAINT |
| CBSA COLLECTIONS, | 3:16-cv-00356 JM/JTR |
| Defendant. | |

This case assigned to District Judge __Moody__
and to Magistrate Judge __Ray__

Plaintiff, Kennisha Chatman (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.  Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4.  Plaintiff is a natural person, who at all relevant times has resided in Tull, Arkansas and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the State of Arkansas, with its corporate headquarters located at 123 W 7th Ave #300, Stillwater, Oklahoma 74074.

6. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

7. The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

8. One type of conduct in particular which Congress sought to prevent is the pursuit by debt collectors in collecting extra fees from the consumer.

9. On a date better known by Defendant, Plaintiff incurred a private student loan.

10. Private student loans are "debts" as that term is used and defined under the FDCPA.

11. In attempt to collect this debt from Plaintiff, Defendant mailed Plaintiff a dunning letter on September 2016.

12. The letter informed Plaintiff of the following: "Financial transactions (Visa, MasterCard, or ACT) will incur a convenience fee of four dollars and ninety-five cents ($4.95) for each transaction." Exhibit A.

13. Seeking to collect an incidental convenience fee in connection with the collection of a debt where underlying state law does not provide for such a fee, or where the underlying contract does not permit such fees, is a violation of the FDCPA.

14. Neither Arkansas law, nor the contract between Plaintiff and the original creditor expressly authorized a $4.95 processing charge as Defendant seeks here.

2

15. Credit card processing fees vary depending on the size of the transaction, and the credit card processor. Typically, a credit card processing fee structure has a minimum fee per transaction (usually less than 50 cents), in addition to a percentage of the transaction (usually less than 1 percent).

16. ACH transaction fees also vary depending on provider. ACH transactions may have flat fee structures, flat fee plus percentages, or a flat monthly fee structure.

17. Upon information and belief, Defendant's set $4.95 rate applies to every transaction, and is not specifically tailored to the amount of Plaintiff's debt.

18. Considering that credit card processing fees sought are a percentage of the debt, and the debt here is in the amount of $199.30, the $4.95 fee is necessarily greater than the processing cost. After all, a typical credit card processing structure seeks less than 1% of the transaction, yet here $4.95 is greater than 2% of the transaction.

19. In the same vein, given that ACH transaction fees vary based on the percentage, or the flat monthly fee, the $4.95 fee is greater than the processing cost.

20. Upon information and belief, Defendant keeps the excess amounts remaining from the $4.95 after a lesser amount is used for a processing fee.

21. Alternatively, upon information and belief, Defendant gets a portion of the excess amount as a kickback from the processor for providing the processor with extra revenue.

22. By falsely implying that Defendant is legally allowed to seek a $4.95 processing fee, and by attempting to collect an illegal convenience fee, Defendant's letter violates the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

23. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

24. Plaintiff seeks certification of the following classes, initially defined as follows:

**The Class:** **All consumers that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint seek to collect a $4.95 convenience fee.**

25. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

26. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout the United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

28. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

29. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to

be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

30. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

31. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

32. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

33. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

34. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

38. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

39. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

40.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

41.     Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

42.     Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> > **(A) the character, amount, or legal status of any debt; or**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

43.     Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

WHEREFORE, Plaintiff, Kennisha Chatman, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00 for Plaintiff and each member of the class;

C. Provide injunctive relief in the form of stopping Defendant from seeking illegal fees from consumer;

D. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

44. Plaintiff demands a jury trial on all issues so triable.

Dated this 20th of December, 2016

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel
Zemel Law LLC
70 Clinton Ave. Suite 3.
Newark, NJ 07114
(T) 862-227-3106

dz@zemellawllc.com
Attorney for Plaintiff